Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7486 | **DATE** | 11/20/2003 |
| **CASE TITLE** | Ulece Montgomery vs. Eugene McAdory | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Montgomery's certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) is denied. [R. 47]

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | NOV 21 2003 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | 50 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| | TH | courtroom deputy's initials | | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel.<br>ULECE MONTGOMERY (#A-91082),<br><br>Petitioner,<br><br>v.<br><br>EUGENE McADORY, Warden,<br>Menard Correctional Center,<br><br>Respondent. | Case No. 01 C 7486<br><br>DOCKETED<br>NOV 2 1 2003 |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

Before the Court is habeas petitioner Ulece Montgomery's application for a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2), in which he seeks to appeal this Court's denial of his habeas petition. Montgomery also asks the Court to reconsider its denial of his motion for a declaratory judgment. For the following reasons, the Court denies Montgomery's application in its entirety. In addition, the Court declines to exercise jurisdiction to consider Montgomery's claim under the Declaratory Judgment Act.

## I. BACKGROUND

### A. Procedural Background

In 1983, following a stipulated bench trial in the Circuit Court of Cook County, Montgomery was convicted of murdering two women. Montgomery waived a jury for sentencing, and the trial judge sentenced him to death. The Illinois Supreme Court affirmed Montgomery's conviction and sentence. *See People v. Montgomery*, 112 Ill.2d 517 (1986). The

30

United States Supreme Court thereafter denied certiorari. *See Montgomery v. Illinois*, 479 U.S. 1101 (1987).

Later in 1987, Montgomery filed a petition pursuant to the Illinois Post-Conviction Hearing Act. The Circuit Court held an evidentiary hearing and consequently denied Montgomery's petition. Montgomery appealed, and the Illinois Supreme Court remanded the case for further a evidentiary hearing regarding alleged *ex parte* communications between the trial judge and defense counsel. *See People v. Montgomery*, 162 Ill.2d 109, 113 (1994). On remand, a new evidentiary hearing was held and Montgomery's petition was again denied. Montgomery appealed, and, on June 15, 2000, the Illinois Supreme Court affirmed the denial of post-conviction relief. *See People v. Montgomery*, 192 Ill.2d 642 (2000). On October 2, 2000, the Illinois Supreme Court denied Montgomery's petition for rehearing. The United States Supreme Court denied certiorari on June 4, 2001. *See Montgomery v. Illinois*, 532 U.S. 1068 (2001).

On September 27, 2001, Montgomery filed his petition for a writ of habeas corpus with this Court. After the State filed an Answer and Montgomery filed a Traverse to the Answer, former Illinois Governor George Ryan commuted Montgomery's death sentence to a sentence of natural life imprisonment without the possibility of parole. On June 24, 2003, this Court dismissed as moot 19 habeas claims that exclusively involved the death penalty and three non-sentencing claims premised on Montgomery's death sentence. The Court also found that the portions of the remaining claims which dealt with the death penalty – as opposed to Montgomery's conviction – also were moot. On September 8, 2003, this Court denied the

remainder of Montgomery's habeas claims. *See United States ex rel. Montgomery*, 2003 WL 22110794 (N.D. Ill. Sept. 9, 2003).

Over a week after the final habeas judgment was entered, Montgomery filed a motion for a declaratory judgment requesting that the Court order that the State is constitutionally barred from seeking the death penalty if Montgomery is ultimately successful in obtaining a writ of habeas corpus on appeal or remand, and thereafter retried by the State. The Court denied Montgomery's motion for a declaratory judgment for jurisdictional reasons. For purposes of this order, the Court will presume familiarity with its prior decisions addressing Montgomery's habeas petition.

## II.  STANDARD

Under 28 U.S.C. § 2253, Montgomery does not have an absolute right to appeal this Court's denial of his habeas petition. Instead, he must first request a certificate of appealability ("COA"). *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). A habeas petitioner is entitled to a COA only if he can make a substantial showing of the denial of a constitutional right. *See id.* at 336. Under this standard, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of his habeas claims debatable or wrong. *See id.*; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The certificate of appealability inquiry requires this Court to review Montgomery's habeas claims and make a general assessment of the claims' merits, but Montgomery need not establish that his appeal will ultimately succeed. *See Miller-El*, 537 U.S. at 336-37.

3

## III. DISCUSSION

Montgomery challenges the Court's denial of his ineffective assistance of trial counsel and judicial misconduct claims, the Court's decision regarding the Illinois Supreme Court's factual determinations pursuant to 28 U.S.C, § 2254(e)(1), and the Court's denial of his motion for a declaratory judgment. The Court will address each argument in turn.

### A. Ineffective Assistance of Trial Counsel

Montgomery contends that this Court erred in reviewing the Illinois Supreme Court's factual findings instead of reviewing the Illinois court's application of law to the facts when deciding his ineffective assistance of trial counsel claim. Montgomery further argues that "reasonable judges could differ about whether Montgomery's claim required application of the law to those facts, and about whether the Illinois Supreme Court applied the correct rule of law, even presuming that court's findings of fact are correct." Montgomery, however, fails to acknowledge that he challenged the Illinois Supreme Court's factual determination regarding the *ex parte* communications at issue and that this Court concluded that he did not establish his version of the pertinent events by clear and convincing evidence. *See Collier v. Davis*, 301 F.3d 843, 848 (7th Cir. 2002); 28 U.S.C. § 2254(e)(1). Thus, Montgomery himself necessitated this Court's review of the Illinois Supreme Court's factual findings.

Further, Montgomery claims that even presuming that the Illinois court's factual findings were correct, the Illinois Supreme Court applied the incorrect rule of law. Montgomery cites to *Brown v. Sternes*, 304 F.3d 677 (7th Cir. 2002), in support of his argument. The AEDPA, however, requires federal habeas courts to analyze whether state courts reasonably applied United States Supreme Court precedent regarding constitutional issues. *See* § 2254(d)(1). In

other words, only United States Supreme Court cases can be the foundation for a finding that the Illinois Supreme Court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See Young v. Walls,* 311 F.3d 846, 849 (7th Cir. 2002). Accordingly, this argument fails.

Next, Montgomery contends that this Court erred in denying his claim that the *Strickland* prejudice prong could be presumed under *United States v. Cronic,* 466 U.S. 648, 659 (1984). In support of his argument, Montgomery states that reasonable judges would differ as to whether prejudice should be presumed. He further argues that under the circumstances, the prosecution was not subjected to meaningful adversarial testing. The Court denied this habeas claim because Montgomery's unsupported allegations were inadequate to establish a *Cronic* claim. Once again, Montgomery makes his allegations without supporting his claim with credible evidence, *see United States v. Hodges,* 259 F.3d 655, 659 (7th Cir. 2001). He does not explain why jurists of reason would find the Court's decision debatable or wrong. *See Slack,* 529 U.S. at 484.

Montgomery also contends that reasonable judges could differ whether he had established the *Strickland* prejudice prong as a result of his attorney's deficient performance. Citing to *Hill v. Lockhart,* 474 U.S. 52 (1985), Montgomery argues that he demonstrated that but for his attorney's advice, he would not have waived his trial and jury rights. In denying this claim, the Court concluded that Montgomery made arguments based on his version of the *ex parte* communications and merely asserted that counsel allegedly pressured him into waiving a jury. Simply put, Montgomery failed to demonstrate that counsel's advice regarding the stipulated bench trial was objectively unreasonable and that there is a reasonable probability that, but for

5

counsel's error, he would not have waived the jury, but would have insisted upon a trial. *See id.* at 59.

Nevertheless, Montgomery did not established the *Strickland* performance prong in the first instance. In his habeas petition, Montgomery never argued that the Illinois Supreme Court's decision as to the performance prong was an unreasonable application of *Strickland*. Accordingly, he failed in his burden of establishing that the Illinois Supreme Court rejected his constitutional claim in an unreasonable manner. *See Lechner v. Frank*, 341 F.3d 635, 638 (7th Cir. 2003). Because both *Strickland* prongs must be satisfied to constitutionally establish ineffective assistance of counsel, Montgomery's failure to establish either prong is fatal to his claim. *See Strickland*, 466 U.S. at 697.

As such, Montgomery has failed to establish that the Court's decision as to his ineffective assistance of trial counsel claim was debatable or wrong among jurists of reason. *See Slack*, 529 U.S. at 484. Therefore, he has not made a substantial showing of the denial of a constitutional right, and thus the Court denies his request for a COA as to his ineffective assistance of trial counsel claim.

### B.  Judicial Misconduct Claims

#### 1.  Judicial Bias Claim

In his habeas petition, Montgomery alleged that his conviction and sentence were obtained in violation of his constitutional right to an impartial judge based on the prosecutor finding the trial judge engaged in an *ex parte* conversation with Montgomery's attorneys. Here, Montgomery claims that reasonable judges could differ about whether Montgomery had shown that his due process rights had been violated regardless of whether he had established actual bias.

6

He bases his argument on that fact that the trial judge's motivation to avoid any disciplinary action after the *ex parte* meetings tainted the proceedings.

This Court rejected Montgomery's claim because his speculative argument was not supported with concrete facts and evidence as required to rebut the presumption of judicial impartiality. *See Bracy v. Gramley*, 520 U.S. 899, 909 (1997); *see also Aleman v. Honorable Judges of Circuit Court of Cook County*, 138 F.3d 302, 307 (7th Cir. 1998) (judges presumed impartial, but presumption can be rebutted by specific facts of judicial impropriety). Besides the same skeletal arguments made in his habeas petition, Montgomery has not given this Court any reason to conclude that reasonable jurists would consider this Court's ruling debatable or wrong. *See Slack*, 529 U.S. at 484. Accordingly, he has failed to make a substantial showing of the denial of a constitutional right. *See Miller-El*, 537 U.S. at 336.

### 2. Improper Plea Discussions and Jury Waiver

Montgomery also argues that the trial judge improperly induced him into waiving his right to a jury due to the alleged promises made at the *ex parte* meetings. Montgomery's habeas claim presupposes his version of the facts that the trial judge initiated plea discussions and made promises to his attorneys, a factual premise this Court rejected. In his application for a COA, Montgomery does not provide any facts or legal argument explaining why reasonable jurists would find this Court's decision debatable or wrong. *See Slack*, 529 U.S. at 484. Instead, Montgomery reiterates his version of the facts and challenges the Court's conclusion that Montgomery failed to develop an argument based on clearly established Supreme Court precedent pursuant to the AEDPA. Accordingly, Montgomery has not made a substantial

7

showing of the denial of a constitutional right. Therefore, the Court denies his application for a COA as to this claim.

### C. Illinois Supreme Court's Factual Determinations

In his habeas petition, Montgomery challenged the Illinois Supreme Court's factual findings regarding the *ex parte* communications. This Court concluded that Montgomery did not meet his burden of providing clear and convincing evidence to rebut the presumptive correctness of the Illinois Supreme Court's factual findings, especially in light of the state court's credibility determinations. *See* 28 U.S.C. § 2254(e)(1); *see also Murrell v. Frank*, 332 F.3d 1102, 1112 (7th Cir. 2003). Montgomery now contends that the Court's denial of his request for an evidentiary hearing prevented him from bringing forth evidence to rebut the presumption under Section 2254(e)(1). However, the Court's denial of his request for an evidentiary hearing is not a constitutional claim. *See Taylor v. United States*, 287 F.3d 658, 660 (7th Cir. 2002). Consequently, Montgomery cannot meet the threshold requirement that he was denied a constitutional right based on this argument alone. *See Miller-El*, 537 U.S. at 336.

Montgomery further claims that reasonable judges could differ regarding whether the Illinois Supreme Court's determination that the trial judge made no *ex parte* promises to Montgomery's trial attorneys was against the clear and convincing weight of the evidence presented at his post-conviction hearing. In essence, Montgomery is challenging this Court's determination under Section 2254(e)(1). Section 2254(e)(1), as amended by the AEDPA, however, is a statutory standard for federal court review of state court factual findings. *See Lindh v. Murphy*, 521 U.S. 320, 333-34 (1997). As such, this Court's determination that Montgomery did not rebut the presumption of the correctness of the Illinois Supreme Court's factual findings

8

is not a denial of a constitutional right as required for an issuance of a COA. *See Miller-El*, 537 U.S. at 336.

Montgomery also contends that reasonable judges could differ as to whether Montgomery met the "standard" set forth in *Ward v. Sternes*, 334 F.3d 696 (7th Cir. 2003). Montgomery cites the following language in *Ward* to support his argument:

> If the petitioner can show that the state court determined the underlying factual issue against the clear and convincing weight of the evidence, the petitioner has not only established that the court committed error in reaching a decision based on that faulty factual premise, but has also gone a long way towards proving that it committed unreasonable error. A state court decision that rests upon a determination of fact that lies against the clear weight of the evidence is, by definition, a decision "so inadequately supported by the record" as to be arbitrary and therefore objectively unreasonable.

*See id.* at 704. This language in *Ward* does not change the statutory requirements under Section 2254(e)(1). In fact, the Seventh Circuit's reasoning in *Ward* is premised on the petitioner presenting clear and convincing evidence to rebut the state court's factual determination. Because Montgomery failed to do just that, reasonable jurists could not conclude that the Illinois court's decision was "so inadequately supported by the record" as to be objectively unreasonable as Montgomery now contends. *See Slack*, 529 U.S. at 484.

### D.     Motion for a Declaratory Judgment

Montgomery requests this Court to reconsider its denial of his motion for a declaratory judgment contending that the Court has jurisdiction to hear his claim even though the final order denying his habeas petition had already been entered before he filed the present motion. Montgomery filed that motion after the Court's ruling on his habeas. Prior to its habeas ruling, the Court warned Montgomery that if he planned on filing such a motion, he should do so

9

quickly because the Court planned on ruling on the habeas petition in the near future. Montgomery did not follow the Court's guidance, and failed to timely file the motion.

Montgomery likens his request to a motion for reconsideration under Federal Rule of Civil Procedure 59(e). Montgomery, however, has not set up the proper standard nor made any argument under Rule 59. *See Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000) (Rule 59 serves limited function of allowing courts to correct manifest errors of law or fact or consider newly discovered material evidence). Instead, he argues that "reasonable judges could differ regarding whether Montgomery is entitled to a declaratory judgment." Montgomery's entitlement to a declaratory judgment, however, is not a constitutional claim cognizable on habeas review. Therefore, Montgomery has not established the threshold requirement that he was denied a constitutional right as required under Section 2253(c)(2). *See Miller-El*, 537 U.S. at 336.

Declaratory judgments permit the prompt determination of actual controversies and establish the legal rights and obligations governing the parties' future relationships. *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 711 (7th Cir. 2002); *see also* 28 U.S.C. § 2201(a). It is well-established, however, that the exercise of judicial power under the constitution depends on the existence of a case or controversy and that federal courts lack power to render advisory opinions. *See U.S. Nat'l Bank of Oregon v. Independent Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993).

Here, Montgomery argues that there is an actual controversy between the parties. In his motion, Montgomery requested "that this Court enter an order declaring that the State's threat to seek a new death sentence in the event that the Court of Appeals reverses this Court's judgment and Montgomery is retried and convicted, violates the Due Process Clause of the Fourteenth

Amendment." In essence, Montgomery is seeking a declaration based on future contingencies that may or may not occur. Under these circumstances, the Court would be hard-pressed to conclude that the jurisdictional prerequisites are satisfied to rule on Montgomery's motion for a declaratory judgment.

In any event, even if this Court were to conclude that there is an actual controversy subject to its jurisdiction, the Court has discretion in deciding whether or not to exercise its authority under the Declaratory Judgment Act. *See North Shore Gas Co. v. Salomon, Inc.*, 152 F.3d 642, 647 (7th Cir. 1998). The Act does not obligate district courts to issue declaratory judgments – district courts have wide discretion to decline hearing such actions. *See id.; see also Nationwide Ins. v. Zavalis,* 52 F.3d 689, 692 (7th Cir. 1995) (even when jurisdictional prerequisites are satisfied, district courts not compelled to declare parties' rights and relations). Due to the circumstances of this case, including Montgomery's late filing of his motion for a declaratory judgment, the Court, in its discretion, declines to exercise its jurisdiction under the Declaratory Judgment Act.

## CONCLUSION

For the foregoing reasons, the Court denies Montgomery's certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) [R. 47].

**DATED: November 20, 2003**

                **ENTERED**

                _____
                AMY J. ST. EVE
                United States District Court Judge

11